**Mickey LANGDELL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–550.**

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1976.

Donald J. Sullivan, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., John Powers, Legal Intern, for appellee.

OPINION

BLISS, Judge:

Mickey Langdell, appellant, hereinafter referred to as the defendant, was charged in the District Court, LeFlore County,

Case No. CRF–75–100, with the offense of Burglary in the Second Degree, in violation of 21 O.S.1971 § 1435. He was tried by a jury and convicted of the aforementioned crime. His punishment was fixed by the jury at two (2) years' imprisonment in the State Penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness was Sherman Floyd, the principal at Poteau High School, who testified that he was met by the secretary, Mrs. Coury, in the front of the school on the morning of May 29, 1975. She told him the school and offices had been broken into, and upon inspection, this witness discovered that entry had been made by pushing out a piece of plywood in a window, and that the door to his office had been broken open. He discovered a small amount of change missing from his desk. Mr. Floyd stated that the building had been secured previously, and he had given no permission to enter.

The State next called Poteau Police Officer Bob Jackson, who testified to being one of the investigating officers, and to having a conversation with the defendant on May 30. He related receiving a statement from the defendant about the burglary after administering the Miranda warning. The statement included several corroborative facts about the commission of the crime, although not mentioning the missing change from the principal's desk. This witness then wrote the substance of the conversation into a statement, which the defendant refused to sign, saying he thought he'd better see a lawyer first.

Next for the State was entered a stipulation as to that of Mrs. Coury's testimony, if called, would have been corroborative of Mr. Floyd. At this time the State rested, and the defendant's demurrer was overruled.

The defendant took the stand in his own defense, and stated his current address (due to a revoked suspended sentence on a prior second degree burglary conviction) as being Oklahoma State Penitentiary at Granite. He admitted making the confession to Officer Jackson, but stated that it was untrue and he did it because of fear of revocation of the suspended sentence. This witness denied speaking about the incident to his probation Officer Russell Turner.

The State then called Russell Turner in rebuttal, who testified to speaking with the defendant on about June 2, 1975. He related the following:

"Q. What did you say, Russell?

"A. I asked him if he wanted to tell me about it.

"Q. And what did he say to that?

"A. He said, I did it, no use in saying I didn't.

"* * *"

At the close of this testimony both sides rested, the jury was instructed, went into deliberations, and returned the verdict herein being appealed.

The defendant contends as his sole assignment of error that the testimony of the probation officer was wrongfully admitted. Counsel for the defendant styles it an improper confession, obtained after the request for counsel, but before counsel had been retained. We must disagree with this characterization and therefore find this contention to be without merit.

Let us preface our discussion of this assignment of error with the observation that the testimony resulted in nothing new before the jury, it being substantially the same as that of Officer Jackson. Under these circumstances, where we were so inclined to find error, we would likely deem it harmless.

 However, it is the State's contention, and we concur, that this evidence was properly admitted in rebuttal under the doctrine of *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). We subscribe to this holding in *Dandridge v. State,* Okl.Cr., 519 P.2d 529 (1974)

wherein we stated, even statements made under circumstances rendering them inadmissible under the *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) doctrine, could be properly used to impeach the defendant's credibility, since the protections of *Miranda* are not to be used as a license to use perjury by way of a defense. Accord, *Criss v. State,* Okl.Cr., 507 P.2d 935 (1973). We do not reach the question of whether this statement would have been admissible in the State's case in chief. In the principle case, the defendant took the stand, and denied certain aspects of the confession made to Officer Jackson, and denied even speaking to Mr. Turner about the incident. Having a rebuttal testimony at hand, the State is not required to leave such perjury uncontradicted.

Finding the defendant's assignment of error to be without merit, we are of the opinion that the judgment and sentence should be, and the same is, hereby *AFFIRMED.*

BRETT, P. J., and BUSSEY, J., concur.